UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

TEDDY ATTELL,   No. 11-13266

Debtor(s).
_____/

Memorandum on Motion for Reconsideration
_____

Debtor Teddy Attell filed a pro se Chapter 7 petition on August 31, 2011, apparently to stay unlawful detainer proceedings following the loss of his home to foreclosure. He evidently had some sort of legal help, in that he filed a lengthy brief in opposition to the bank's motion for relief from the automatic stay which appeared like it might have been drafted by an attorney or a paralegal.

On November 18, 2011, the court granted the bank's motion. Attell then retained an attorney moved for dismissal of his case. In his dismissal motion, Attell sought recover of $3,850.00 he paid to "attorneys Lori Smith and/or David Brody for bankruptcy services and/or unlawful detainer defense. These payments were made through a series of fictitious names such as Paralegal Now, PLN Eviction Defense, and A+ Legal Associates." The motion was unopposed. The court granted the motion and ordered Lori Smith to return $3,850.00.

Lori Smith did not pay anything, so Attell brought a motion for contempt. Smith responded by insisting that she had never been Attell's attorney, had never met or spoken to him, and had received no money from him. Attell was not able to produce any proof that he paid Smith anything; the best he could come up with was a checklist with Smith's name on it. It seemed clear that Attell had been told

1

that Smith was his attorney, and some documents given to him by a paralegal service had her name on it, but there was no evidence that Smith was in any way actually involved. The court accordingly vacated the order that Smith pay Attell, conditioned on her compensating him for legal fees incurred in seeking sanctions for contempt. Its order was entered on September 17, 2012.

Six months later, Attell filed another "Motion for Review of Fees" which is in fact a motion for reconsideration based on new evidence. Attell has found what he says are old recorded phone messages from 2011 in which someone left a message saying ""Hi, my name is Ameenah, calling from the Law office of Lori Smith" and another saying "This message is for Teddy Attell. This is Doris from the law office of Lori Smith." Based on these recordings, Attell seeks reconsideration of the court's September 17 order.

The court notes that the "new evidence" produced by Attell does not in any way establish that Smith was Attell's attorney or was paid anything by him, even indirectly. It only establishes that her name was being used by a paralegal business. That was already clear from prior evidence. There is still no indication that Smith was involved or consented to the use of her name. However, the court's problems with the current motion are more procedural.

Section 329(a) of the Bankruptcy Code gives the court authority to review compensation paid to attorneys and order their return to the extent found to be unreasonable. Such reviews are ordinarily summary in nature, with no disputed facts requiring the taking of evidence. For this reason, the ordinary rule that money can be recovered only by an adversary proceeding does not apply. Rule 7001(1), Fed.R.Bank.P. The court's scope of inquiry is limited recovery of fees found to be excessive. Rule 2017(a). In this case, Smith does not argue that her fees were reasonable. She argues that she received no fees. This factual dispute is beyond that contemplated by § 329(a) and Rule 2017. The court cannot summarily make the findings necessary to order Smith to pay anything.[1]

---

[1] The court notes in passing the evidentiary problems involved in obtaining admission of the recordings in formal legal proceedings.

The court will accommodate Attell in only one way. It will order that to the extent Smith was paid anything by Attell, directly or indirectly, such fees were excessive and must be returned. However, whether Smith actually was paid anything is a factual matter which cannot be determined in a motion for review of fees. The court will abstain from adjudicating this issue, as Attell's rights against Smith involve mostly alleged violations of the California State Bar Rules of Professional Conduct, including Rules 1-300, 1-310, 1-320 (assisting non-lawyers in the unlawful practice of law) and professional negligence. To the extent Attell seeks other relief, his motion will be denied.

The court will enter an appropriate order. The Clerk shall send a copy of this Memorandum to the State Bar of California.

Dated: May 23, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

3